IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. BROWN, et al., | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. RDB 04-1020 |
| PAUL ABUZAID, AS SPECIAL ADMINISTRATOR FOR THE ESTATE OF DAVID WILLIAM HOOVER, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Plaintiffs James A. Brown and Terra Brown ("Plaintiffs" or "Mr. and Mrs. Brown"), have filed an Amended Complaint against Paul AbuZaid, as Special Administrator for the Estate of David William Hoover, deceased, ("Defendant" or "the Estate"), alleging personal injury resulting from the negligence of the deceased in causing an automobile accident with the Plaintiffs. Plaintiffs originally filed the Complaint against David William Hoover ("Mr. Hoover" or "the Deceased"), prior to learning that he had passed away in the interim. The Defendant has moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that Paul AbuZaid, as the Special Administrator for the Estate of David William Hoover, deceased, may not be substituted as a Defendant in this action. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. As this Court's jurisdiction is based on diversity of citizenship, the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) requires application of the law of Maryland, the forum state, to questions of substantive law. For the reasons set forth below, Defendant's Motion to Dismiss is

DENIED, and Plaintiffs' claim may go forward.

## BACKGROUND

The facts of this case are recited in the light most favorable to the Plaintiffs, as they must be, for the purpose of this Motion to Dismiss. *See Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  On or about July 13, 2002, the Plaintiffs were involved in an automobile accident with the deceased, Mr. Hoover, on northbound Route 113 near the intersection with Byrd Road, in Worcester, Maryland. (Compl. ¶ 4). At the time of the collision, the deceased, who was driving a truck, failed to yield the right of way to Plaintiffs and, in crossing the northbound lanes of Route 113 in order to turn onto Byrd Road, collided with Plaintiffs' vehicle. (Compl. ¶¶ 6-7). As a result of the collision, both Plaintiffs suffered severe and permanent bodily injuries. (Compl. ¶¶ 8, 12, 17). At the time of the collision Mr. Hoover was insured by an automobile liability insurance policy with Erie Insurance. (Pls.' Mem. In Opp'n).

Plaintiffs filed the original Complaint in this matter on or about March 29, 2004. Upon attempting to serve process on Mr. Hoover, the Plaintiffs learned that Mr. Hoover had died on January 18, 2003. (Def.'s Mot. Ex. 2). The Plaintiffs then filed a petition in the Orphan's Court for Worcester County, Maryland, to appoint a Special Administrator for the Estate of David William Hoover. The Orphan's Court granted the Plaintiffs' petition on or about November 30, 2004, and ordered the appointment of Paul AbuZaid, Esquire, as Special Administrator of the Estate of David William Hoover. (Pls.' Third Mot. To Enlarge Time Ex. 1). Following the appointment of the Special Administrator, on or about December 13, 2004, Plaintiffs filed an Amended Complaint naming Paul AbuZaid, as Special Administrator of the Estate of David William Hoover, deceased, as the Defendant.

The Defendant then filed the Motion to Dismiss now pending before this Court.

## STANDARD OF REVIEW

Dismissal under Federal Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Generally, the Federal Rules of Civil Procedure do not require that a complaint describe alleged wrongdoing with any particularity. *Bender v. Suburban Hosp.*, 998 F. Supp. 631, 632 (D. Md. 1998), *aff'd,* 159 F.3d 186 (4th Cir. 1998) (citing Fed. R. Civ. P. 8(a)(2); *Comet Enter. Ltd. v. Air-A-Plane Corp.,* 128 F.3d 855, 860 (4th Cir. 1997)). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition, courts do not ordinarily consider affirmative defenses in deciding a motion to dismiss. However, when a meritorious affirmative defense is apparent from the face of the complaint, then dismissal is appropriate. *See Brooks v. City of Winston-Salem, North Carolina,* 85 F.3d 178 (4th Cir. 1996) (dismissal is appropriate "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense."); *Wright v. U.S. Postal Service,* 305 F. Supp. 2d 562, 563 (D. Md. 2004) (citing *Pantry Pride Enterprises, Inc. v. Glenlo Corp.,* 729 F.2d 963, 965 (4th Cir. 1984)).

## DISCUSSION

Defendant argues that the Plaintiffs' claim against it must be dismissed because the Amended Complaint naming the Estate as the Defendant was an improper substitution of parties under Rule

3

25(a)(1) of the Federal Rules of Civil Procedure.[1]  According to the Defendant, in Maryland, there can be no substitution of parties where an original Defendant predeceased the filing of the action.  The Plaintiffs counter that the naming of the Estate was not a substitution of parties but rather a permissible addition of the Estate to the original suit against the deceased.  Additionally, Plaintiffs contend that the claim against the Estate stated in the Amended Complaint was timely filed pursuant to Maryland law, since the statute of limitations on Plaintiffs' claim will not expire  until approximately July 12, 2005.

The Maryland Court of Appeals has held that "an action brought against a dead man is a nullity." *Burket v. Aldridge*, 241 Md. 423, 430, 216 A.2d 910, 913 (1966)(citing *Hunt v. Tague*, 205 Md. 369, 378-79, 109 A.2d 80 (1954) and *Chandler v. Dunlop*, 30 N.E.2d 969 (Mass. 1942)). In addition, in *Burket*, the Court of Appeals held that "an amendment substituting the personal representative of a decedent in a tort action, mistakenly instituted against the decedent after his death, [does] not relate back to the time of the filing of the original action so as to prevent the applicable statute of limitations from barring the action." *Greentree v. Fertitta*, 338 Md. 621, 625, 659 A.2d 1325, 1327 (1995) (discussing *Burket*).  In Maryland, "all claims against an estate of a decedent... are forever barred against the estate . . . unless presented within the earlier of . . . (1) 6 months after the date of the decedent's death; or (2) 2 months after the personal representative mails or otherwise

---

[1] Federal Rule of Civil Procedure 25(a)(1) provides as follows: "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

delivers to the creditor . . . written notice, notifying the creditor that his claim will be barred unless he presents the claim within 2 months from the mailing or other delivery of the notice." MD. CODE ANN., EST. & TRUSTS § 8-103(a).

However, Maryland law specifically provides that "[i]f the decedent was covered by a liability insurance policy which at the time the action is instituted provides insurance coverage for the occurrence, then . . . an action against the estate may be instituted after the expiration of the time designated in this section, but within the period of limitations generally applicable to such actions." MD. CODE ANN., EST. & TRUSTS § 8-104(e)(1). In essence, "to the extent that a successful claim will be satisfied by the proceeds of an insurance policy, rather than by the assets of the estate, § 8-104(e) makes inapplicable certain procedural requirements which would generally apply to limit claims against estates." *Greentree*, 338 Md. at 627, 659 A.2d at 1328. Moreover, "§ 8-104(e) makes inapplicable, the rule of *Burket v. Aldridge* which prevents a late claim against a decedent's estate from relating back" because "a claim made within the limitations period generally applicable to the action is effective against the estate, where insurance coverage is available, to the extent that it would have been effective against the decedent . . ." *Greentree*, 338 Md. at 630, 659 A.2d at 1330 (internal citations omitted). The Court of Appeals noted that by applying the usual statute of limitations to claims covered by insurance, "where the insured dies before suit is filed, § 8-104(e) fully implements the contract of insurance between the insurer and the insured." *Id.*

In this case, the applicable limitations period under Maryland law is three years from July 13, 2002, the date of the automobile accident. MD. CODE ANN., CTS. & JUD. PROC. § 5-101. Because the statute of limitations has not at this time run on Plaintiffs' claim, Plaintiffs' claim against the Estate

contained in the Amended Complaint need not relate back to the filing of the original Complaint in order to be timely. Plaintiffs complied with § 8-104(e) in filing their claim, which is covered by the decedent's automobile insurance policy, within the general three year limitations period applicable to this action. In filing an Amended Complaint against the Estate, Plaintiffs did not substitute the Estate as the Defendant. Rather, Plaintiffs stated a new claim against the Estate that was separate from, and in the place of, the claim stated against the deceased in the original Complaint. *See Priddy v. Jones*, 81 Md. App. 164, 169, 567 A.2d 154, 156 (1989) ("It is well settled that an amended complaint complete in itself, without reference to the complaint that preceded it, replaces an earlier complaint in its entirety, and the earlier complaint is regarded as withdrawn or abandoned."); *see also Shapiro v. Sherwood*, 254 Md. 235, 238-39, 254 A.2d 357, 359 (1969); *Villareal v. Glacken*, 63 Md. App. 114, 125, 492 A.2d 328, 334 (1985).

The claim stated in Plaintiffs' Amended Complaint replaces or supercedes the claim stated in the original Complaint and it was filed within the limitations period, as provided by MD. CODE ANN., EST. & TRUSTS § 8-104(e)(1), and before any responsive pleading was filed, as provided by Federal Rule of Civil Procedure 15(a). Plaintiffs have stated a claim against Paul AbuZaid, Esquire, as Special Administrator of the Estate of David William Hoover, deceased. Accordingly, for the reasons set forth above, Defendant's Motion to Dismiss is DENIED.

Dated:   April 19, 2005                                              /s/
                                                                     Richard D. Bennett
                                                                     United States District Judge